## ARTHUR SOHM v. GEORGE SOHM.[1]

April 24, 1942.

No. 33,041.

*Martin H. Otto* and *Philip L. Scherer,* for appellant.
*Moonan & Moonan,* for respondent.

LORING, JUSTICE.

In a suit to recover for personal injuries received in an automobile accident which occurred in California, a verdict was directed for defendant, and plaintiff has appealed to this court from an order denying his motion for a new trial.

The plaintiff was a nonpaying guest in the automobile of defendant, his brother, at the time the accident occurred near Fresno,

[1]Reported in 3 N. W. (2d) 496.

California, on June 16, 1939. The applicable California guest statute, St. 1935, c. 27, § 403, p. 154, which was in force at the time of the accident, reads as follows:

"No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride, nor any other person, has any right of action for civil damages against the driver of such vehicle or against any other person legally liable for the conduct of such driver on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said driver."

Defendant, who was called for cross-examination under the statute, explained that he got very tired and "dozed off" and as a consequence drove off the road. Plaintiff was jarred by the car going over some rough rocks before it was stopped. Defendant said that he was driving 35 or 40 miles an hour at the time the accident occurred. He also said that some miles before he reached the point of accident he felt sleepy and plaintiff offered to drive, but that he considered he could keep awake. Recovery is sought on the theory that defendant was guilty of wilful misconduct in thus losing control of the car.

We take the California statute as construed by the supreme court of that state. In Porter v. Hofman, 12 Cal. (2d) 445, 448, 85 P. (2d) 447, 448, that court said: "Wilfulness necessarily involves the performance of a deliberate or intentional act or omission regardless of the consequences," and quoted with approval a definition given to the statute in Helme v. Great Western Milling Co. 43 Cal. App. 416, 421, 185 P. 510, 512, in which it was stated: " 'Willful misconduct' means something different from and more than negligence, however gross." The supreme court further stated, in Porter v. Hofman, that to these definitions there must be added, "actual knowledge or its equivalent that an injury to a guest will be a probable result." In Meek v. Fowler, 3 Cal. (2d) 420, 425, 45 P. (2d) 194, 197, the supreme court of California quoted with

approval from Helme v. Great Western Milling Co. *supra,* the statement:

" 'While the word "wilful" implies an intent, the intention referred to relates to the misconduct and not merely to the fact that some act was intentionally done. \* \* \* wilful misconduct as used in this statute means neither the sort of misconduct involved in any negligence nor the mere intent to do the act which constitutes negligence. Wilful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a probable (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its possible result.' " The court further said (3 Cal. [2d] 426, 45 P. [2d] 197): "As has been repeatedly declared, ' "wilful misconduct" means something more than negligence—more, even, than gross negligence.' "

Erickson v. Vogt, 27 Cal. App. (2d) 77, 80 P. (2d) 533, chiefly relied upon by appellant, is a decision of the district court of appeals of the fourth district of California, an intermediate court of appeals. The decision is of an earlier date than that of Porter v. Hofman, 12 Cal. (2d) 445, 85 P. (2d) 447, by which we deem ourselves controlled. Numerous other cases from the district courts of appeals of California have been cited to us by both parties, but we must take the construction placed upon the statute by the supreme court of that state. Under that construction, we regard the action of the trial court in directing a verdict for defendant in the case at bar as a proper application of the California law. Such being the case, the other errors assigned become immaterial.

The order appealed from is affirmed.