## HARRY ADAMEK v. MICHIGAN DOOR COMPANY AND ANOTHER.

108 N. W. (2d) 607.

April 7, 1961—No. 38,127.

*Scow & Gray,* for appellants.
*Bradford & Kennedy,* for respondent.

MURPHY, JUSTICE.

This case involves a tort action in which the plaintiff recovered a verdict against the defendant foreign corporations for damages for injuries resulting from the alleged negligence of the defendant corporations in the manufacture of a door made in Michigan and sold in Minnesota. The appeal is from the judgment in favor of the plaintiff. The defendant corporations attack the jurisdiction of the court, asserting that they did not have such minimal contacts within the State of Minnesota as would subject them to jurisdiction under Minn. St. 303.13.

From the record it appears that defendants are Michigan corporations having common ownership. Mulder Brothers, Inc., is engaged in the manufacture of doors. Michigan Door Company is engaged in the selling of those doors. The latter corporation solicits business throughout the United States by means of mailing price lists to customers from Grand Rapids, Michigan. Orders are placed by customers by mail to Grand Rapids. Neither corporation has any resident agent in Minnesota nor any agent coming into the state. In 1957, doors were sold to Lampert Lumber Company of St. Paul, Minnesota. On November 22, 1957, Lampert sold one of these doors from its yard at Staples, Minnesota, to the plaintiff, a Minnesota resident. While making some needed alterations in the size of the door, the plaintiff was allegedly injured by an asserted defect in the manufacture and assembly of the door and by the subsequent, purportedly negligent act of the Michigan Door Company in selling the door in its allegedly defective condition.

The application of § 303.13, subd. 1(3), has been discussed at length in three recent cases of this court: Beck v. Spindler, 256 Minn. 543, 99 N. W. (2d) 670; Atkins v. Jones & Laughlin Steel Corp. 258 Minn. 571, 104 N. W. (2d) 888; and The Dahlberg Co. v. Western Hearing Aid Center, Ltd. 259 Minn. 330, 107 N. W. (2d) 381. The Atkins case involved an action for personal injuries allegedly caused by the negligence of a foreign corporation which did not have salesmen in this state nor contract relations with dealers or distributors here. The complaint alleged that while handling the defendant's product the plaintiff was injured as a result of the defendant's negligence. We held

that if the allegations of the complaint were established it would follow that the defendant would be subject to the jurisdiction of our courts since the last event essential to the tort liability occurred here. That event, the injury to the plaintiff, would provide sufficient contact between the defendant and the forum to subject it to process under § 303.13, subd. 1(3). The factual setting presented in the case before us is a stronger one for the application of the statute in question. The solicitation of business in Minnesota, even though by mail, provides even greater contacts with this state than those present in Atkins v. Jones & Laughlin Steel Corp. *supra.* There we stated (258 Minn. 580, 104 N. W. [2d] 894):

"While recognizing the merit of protecting rights of foreign corporations not doing business here, we feel that such considerations are outweighed by the general objective of our single-act statute, that is to permit a Minnesota citizen injured here by the wrongful act of a foreign corporation to seek recompense therefor in our courts."

Since the case before us is controlled by the Atkins case, no further comment is required.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.