**WASHINGTON SCIENTIFIC INDUSTRIES, INC., a Minnesota corporation, Plaintiff,**

**v.**

**POLAN INDUSTRIES, INCORPORATED, a West Virginia corporation, Defendant.**

**Civ. No. 4-67-43.**

United States District Court
D. Minnesota,
Fourth Division.

Aug. 18, 1967.

Lindquist, Magnuson & Glennon, by Edward M. Glennon, Minneapolis, Minn., for plaintiff.

Dorsey, Marquart, Windhorst, West & Halladay, by James B. Vessey and Curtis D. Forslund, Minneapolis, Minn., for defendant.

## ORDER

MILES W. LORD, District Judge.

Ruling is here required on defendant's motion to dismiss for lack of jurisdiction.

Suit was brought by Washington Scientific Industries, Inc., a Minnesota corporation, against Polan Industries, Inc., a West Virginia corporation, for breach of contract. According to the complaint defendant shipped to Minne-

346

sota from its plant in Ohio certain castings which were component parts of tank periscopes which the defendant was manufacturing for the United States government. Plaintiff was to perform certain services, in the form of machining, on the castings and return them to defendant's plant in West Virginia. These services were performed but because the castings supplied by defendant were of poorer quality than anticipated plaintiff suffered injuries in the form of high manufacturing costs.

Suit was brought under the diversity jurisdiction of this Court. Service was made upon defendant under the authority of Minn.Stat. § 303.13, Subd. 1(3) [1]. It is not disputed that service complies with the terms of the statute, but the defendant has brought this motion arguing that application of this statute to it would deny it due process of law.

It appears from the affidavit of defendant's president, E. G. Polan, that defendant has no office in the State of Minnesota and has no representatives residing or soliciting orders within the State of Minnesota. It also appears that (except for the activities under this contract) defendant has never engaged in business activities in the State of Minnesota, has never had employees traveling within the state and has never shipped products into Minnesota pursuant to sales either directly or indirectly to Minnesota residents.

It appears from the affidavit of Eugene W. Kulesh, plaintiff's president, that:

1. Plaintiff corporation is organized under the laws of Minnesota and does business within the state.

2. Kulesh and Polan are long time acquaintances and that Kulesh was in the habit of sending annual company reports to Polan. Polan called Kulesh and in the course of the conversation invited him to bid on the contract. (The affidavit by Polan is that as a result of the prior acquaintance of Polan and Kulesh, Kulesh asked to bid on the subcontract.)

3. An officer of plaintiff went to defendant's place of business and after a meeting furnished defendant with a quotation for the machining. A purchase order was received by plaintiff in Minnesota. Certain revisions were noted by plaintiff, others by defendant. Final concurrence was made by mail by plaintiff from Minnesota.

4. During the negotiations, several telephone calls were made by defendant to Minnesota.

5. Representatives of defendant made at least two trips to Minnesota in connection with the performance of the contract.

6. The metal castings were shipped to Minnesota by defendant.

7. At the direction of defendant, work was performed in Minnesota on the castings by the plaintiff.

8. At defendant's expense and direction the finished goods were shipped by plaintiff from Minnesota to defendant in West Virginia.

9. Partial payment was sent from West Virginia to Minnesota by defendant.

Upon the facts as set out in the affidavits, this Court must decide if jurisdiction may be assumed over the nonresident defendant. This single problem in reality presents two questions. While the question of due process is a question of federal law, a state court may set limits on its own jurisdiction stricter than those set by federal due process requirements. Aftanase v. Economy Baler Company, 343 F.2d 187 (8th

1. "If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, * * *, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary [of state] of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract * * *."

Cir. 1965). The questions, then, are: (1) Would the Minnesota Courts grant jurisdiction and, if so, (2) does the assumption of jurisdiction offend federal due process requirements?

In several cases before the Minnesota Supreme Court this "single-act" statute has successfully withstood attacks on its constitutionality.[2] In others, that Court has ruled that application to the defendants under the fact situations there involved would deny the defendant due process of law.[3] Defendant here relies on Fourth Northwestern Nat'l Bank, etc. v. Hilson Industries, Inc., 264 Minn. 110, 117 N.W.2d 732 (1962) to support his motion to dismiss. Plaintiff relies on Dahlberg Co. v. Western Hearing Aid Center, Ltd., 259 Minn. 330, 107 N.W.2d 381 (1961) to uphold jurisdiction.

█ It is the *Dahlberg* case which provides the more useful precedent. To the facts of that case the Court applied the following standard:

"* * * [A] nonresident corporate defendant may be subjected to the jurisdiction of our courts under § 303.13, subd. 1(3), where the nonresident defendant does some act or consummates some transaction involving at least minimal contacts in the forum which gives rise to a cause of action resulting from activities of the defendant within this state. Where such minimal contacts exist the courts of this state may accept jurisdiction where to do so would be consonant with traditional notions of fair play and substantial justice. The reasonableness of subjecting the defendant to jurisdiction under this rule may be tested by the standards analogous to those of forum non conveniens."

In that case there was a suit on an open account and notes. The facts re-lied upon, as stated in the syllabus of the Court, to find sufficient contacts were: The defendant had entered into two contracts which were executed in Minnesota; the plaintiff filled the orders of the defendant at its Minnesota plant and sent the products f. o. b. the Minnesota plant; an officer of the defendant attended numerous meetings in Minnesota at which business plans, policies and procedures were agreed upon; notes representing the indebtedness of the defendant were executed and payable in Minnesota.

█ In the present case, as in *Dahlberg,* defendant entered into a contract with a Minnesota resident for performance of services by both parties within the state. This performance gave rise to the cause of action.

█ Minnesota contacts in the present case seem even more weighty than those in the *Dahlberg* case. Of importance, is the fact that the goods were not only shipped from this state by the seller, but were previously shipped into the state by the buyer (defendant). Even more important is the fact that the services which represented the object of the contract were performed within the state. The contract was not executed wholly within the state, it is true, but was formed out of telephone calls and written correspondence between plaintiff in Minnesota and defendant in West Virginia. There were no notes payable in Minnesota, but payment in this case was to be made to Minnesota from defendant. Like *Dahlberg,* there were visits by representatives of defendant to Minnesota, although these were only to supervise performance of the contract.

█ As indicated by the *Dahlberg* case, forum non conveniens standards

**2.** Beck v. Spindler, 256 Minn. 543, 99 N.W. 2d 670 (1959); Atkins v. Jones & Laughlin Steel Corp., 258 Minn. 571, 104 N.W. 2d 888 (1960); Dahlberg Co. v. Western Hearing Aid Center, Ltd., 259 Minn. 330, 107 N.W.2d 381; Adamek v. Michigan Door Co., 260 Minn. 54, 108 N.W.2d 607 (1961); Ehlers v. United States Heat-ing & Cooling Mfg. Corp., 267 Minn. 56, 124 N.W.2d 824 (1963).

**3.** Fourth Northwestern Nat'l Bank, etc. v. Hilson Industries, Inc., 264 Minn. 110, 117 N.W.2d 732 (1962); Marshall Egg Transport Co. v. Bender-Goodman Co., 275 Minn. 534, 148 N.W.2d 161 (1967).

are important. Although little information useful to the application of these standards appears in the affidavits, the fact that the services were performed here and damages sustained here seems enough to make a Minnesota forum appropriate.

*Hilson,* the case relied upon by defendant, on the other hand, does not appear as close to the present case on its facts. It would be enough to quote the Minnesota Supreme Court at 264 Minn. 118, 117 N.W.2d 736:

"* * * The only connection with Minnesota in this case * * * is the fact that the notes are payable here."

Other facts should be mentioned, however. The case involved sale of goods by a Minnesota plaintiff to a nonresident defendant. Negotiations for the contract, while made primarily outside the state, were initiated by a letter from the defendant to the plaintiff in Minnesota. It does not appear whether or not the goods were shipped from Minnesota.

Factors cited by the Court in *Hilson* do not serve to distinguish *Dahlberg* from guished *Dahlberg* by the quantity and the present case. The Court distinquality of contacts present there but as has been shown, the contacts in the present case are even more weighty than in *Dahlberg*. The Court in *Hilson* found that Ohio was the convenient forum while in *Dahlberg* and the present case convenience factors seem to point to Minnesota as a forum. The Court in *Hilson* also mentioned that the plaintiff was not an "unsophisticated local individual" and that the plaintiff was a seller and not a buyer. This is true in both *Dahlberg* and the present case.

In summary, then, the present case would seem to be within the confine of *Dahlberg* and unaffected by *Hilson*. The Minnesota Courts would probably grant jurisdiction.

Having decided that Minnesota Courts would assume jurisdiction, there remains the federal question of whether assumption of jurisdiction offends federal due process standards. The problem of jurisdiction over nonresident defendants has been litigated often before the United States Supreme Court, and the standards to be applied have evolved gradually. Judge Blackmun in deciding Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965), analyzed these cases and summarized the applicable standards:

"We also think it is fair to say that these five Supreme Court cases establish only general and not precise guidelines. Perhaps they purposely do no more than this. We observe, however, that, at one time or another in the opinions, three primary factors, namely, the quantity of the contacts, the nature and quality of the contacts, and the source and connection of the cause of action with those contacts, are stressed, and that two others, interest of the forum state and convenience, receive mention." 343 F.2d 197.

Applying these standards, it is concluded that assumption of jurisdiction in this case does not offend traditional notions of fair play and substantial justice. Not only did defendant contract with a Minnesota corporation, but under the contract the goods were shipped into this state. The plaintiff performed the services under the contract applying time and labor and according to the complaint sustaining injury in the state through equipment wear and breakage and through loss of other business. Representatives of defendant traveled to the state to supervise performance of the contract. When performance was completed the goods were shipped from Minnesota.

It cannot be doubted that the defendant purposefully availed itself of the privilege of conducting activities within the forum state. Defendant knew it was dealing with a Minnesota corporation. In bringing goods within the state and traveling within the state, defendant availed itself of the protection of Minnesota law. In fact, by entering into a contract to be performed in Minnesota, it knew that Minnesota substantive law might well be applied to questions of performance.

■ Convenience factors point toward Minnesota. Since one of the parties resides in Minnesota and since the services were performed and the injuries sustained in Minnesota, it can be expected that many, if not most, of the witnesses reside in this state. The defendant has shipped goods to Minnesota and has had representatives traveling within it. It does not seem unfair to require it to return again to defend a suit arising out of those actions. The fact that defendant has no history of other dealings in this state is not determinative. McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Kornfuehrer v. Philadelphia Bindery, Inc., 240 F.Supp. 157 (D.Minn.1965).

In the light of the foregoing and upon all the files, records, memoranda, and proceedings herein, including oral argument of counsel, and the Court being advised in the premises, it is

Ordered that the motion of the defendant be and the same is hereby in all respects denied.