## ROMAN KALTHOFF v. DEERE AND COMPANY AND ANOTHER.

161 N. W. (2d) 313.

August 16, 1968—No. 40,968.

*Rainer L. Weis* and *Ronald R. Frauenshuh,* for appellant.

*Quinlivan, Quinlivan & Williams,* for defendant Kalthoff, who joins in appellant's brief.

*Ralph H. Comaford* and *Comaford, Fassett, Clarkson & Lewis,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court granting a motion of defendant Deere and Company to quash an affidavit of service and dismiss proceedings upon the ground that the attempted service of a summons upon that defendant was ineffectual.

The plaintiff's cause of action is one for damages for personal injuries allegedly sustained while working on a Model 30 John Deere combine manufactured by defendant company. Although the complaint does not specifically allege facts showing that defendant committed a tort in whole or in part in Minnesota against a Minnesota resident, or that it made a contract with a resident of Minnesota to be performed in whole or in part by either party in this state, the attempted service of the summons and complaint was made, if at all, by an effort to comply with Minn. St. 303.13, subd. 1(3).[1]

---

[1] Section 303.13, subd. 1 (3), provides:

"If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. Such process shall be served in duplicate upon the secretary of state, together with a fee of $6 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of such mailing, notwithstanding any other provision of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota."

On July 27, 1966, plaintiff's counsel mailed a copy of the summons and complaint to the secretary of state of the State of Minnesota with the prescribed fee. The secretary of state on July 28, 1966, certified "that the within service of process was filed in this office on the 28th day of July, 1966, at 11:00 o'clock A. M. and a copy thereof forwarded by registered mail to Deere and Company, Moline, Illinois 61625, pursuant to Section 303.13 Subd. 1 (3) Minnesota Statutes." Deere and Company moved the court to dismiss the action or in lieu thereof to quash the affidavit of service of summons upon the grounds that defendant is not subject to service of process within the State of Minnesota; and that, if it were, the attempted service was not effectual.

In support of the motion, it is averred: Deere and Company is a Delaware corporation with its principal office at Moline, Illinois. It is not authorized to do business in this state and is not registered as a foreign corporation here. It does not do business in this state and has no office, employees, or officers located in this state. It ships its products from outside of the state into Minnesota but only on order for such shipments by John Deere Company of Minneapolis, a Minnesota corporation which sells defendant's products. Sales of defendant's products in Minnesota are effected only by the Minnesota corporation and independent retail dealers. Defendant performs no regular and consistent acts within the State of Minnesota, its activity being limited to participation at the request of the Minnesota corporation in the analysis of service problems and the promotion of Deere products.

Defendant's responses to interrogatories submitted by plaintiff disclose that Deere and Company owns all the outstanding shares of John Deere Company of Minneapolis; that four of the directors of each corporation are also directors of the other; that the value of defendant's products shipped into Minnesota annually and sold at wholesale approximates $10,000,000; that it has no franchised dealers in this state and does not participate in the designation or termination of franchised dealerships.

On appeal, the legal issues are these:

(1) Is the term "foreign corporation" as it appears in § 303.13, subd. 1(3), applicable to defendant, a foreign corporation doing an interstate

business in Minnesota and not required to register in this state as a foreign corporation?

(2)    Must the complaint allege that the defendant foreign corporation made a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or that such foreign corporation committed a tort in whole or in part in Minnesota against a resident of Minnesota, in order to complete service under § 303.13, subd. 1(3)?

(3)    Does mailing the summons and complaint to the secretary of state, who files it in his office and mails a copy by registered mail to the foreign corporation, constitute sufficient compliance with § 303.13, subd. 1(3), to effect service on a foreign corporation under that statutory provision?

■    Deere and Company contends that while § 300.02, subd. 6, defines a "foreign corporation" as any corporation except a "domestic corporation," the definition controlling in the present situation is that which appears in § 303.02, subd. 4, which provides that the term "foreign corporation" does not include any corporation which, under the constitution and statutes of the United States, may transact business in this state without first obtaining a certificate of authority so to do. Its reasoning in support of this proposition is as follows:

(1)    Section 300.02, subd. 6, first appeared in R. L. 1905, § 2840, and afforded what was then the only statutory definition of a foreign corporation in these words: "The term 'domestic corporation' shall mean every corporation organized under the laws of this state, and the term 'foreign corporation' shall mean every other corporation."

(2)    The Minnesota Foreign Corporation Act, first adopted as L. 1935, c. 200, provides (§ 1) that for the purpose of that act—

"* * * 'domestic corporation' shall mean a corporation formed under the laws of this state; 'foreign corporation' shall mean a corporation not formed under the laws of this state but shall not include corporations, which under the constitution and statutes of the United States may transact business in this state without first obtaining a certificate of authority so to do and shall not include insurance companies as the same are defined by Mason's Minnesota Statutes of 1927, Sections 3312 and 3314; * * *."

This definition of "foreign corporation," with an addition not relevant here, now appears in Minn. St. 303.02, subd. 4.

(3) The specific provisions appearing in the Minnesota Foreign Corporation Act should govern here because "[i]t is the rule that specific provisions in a statute control general provisions; that provisions of a complete and specific act will prevail over general language of another, prior provision, and if there is conflict between different statutes as to the same matter, the later statute prevails." Fink v. Cold Spring Granite Co. 262 Minn. 393, 399, 115 N. W. (2d) 22, 26.

(4) Although the revised Minnesota Statutes approved officially March 8, 1945, extend (by virtue of § 300.02, subd. 1) the definition of foreign corporation appearing in § 300.02, subd. 6, to cc. 300 to 317, the adopting act itself provides: "The laws contained and compiled in Minnesota Revised Statutes 1945 are to be construed as continuations of the acts from which compiled and derived and not as new enactments." Minn. St. 648.14 (L. 1945, c. 67, § 4). Therefore, defendant argues, the definition controlling where the words "foreign corporation" are used in c. 303 remains that appearing in § 303.02, subd. 4.

(5) The statutory section upon which plaintiff relies in support of the efficacy of his service, § 303.13, subd. 1(3), is a part of c. 303; therefore, the term "foreign corporation" as used in that section does not include any corporation which, under the constitution and statutes of the United States, may transact business in this state without first obtaining a certificate of authority so to do.

Although we recognize the logic of defendant's argument, these considerations have persuaded us that defendant is a foreign corporation within the meaning of § 303.13, subd. 1(3):

(1) Organized under the laws of Delaware with its principal place of business in Illinois, Deere and Company is a foreign corporation within the meaning of that term as generally understood.

(2) The limitation upon the definition of "foreign corporation" appearing in § 303.02, subd. 4, appears to have been intended primarily to limit the operative effect of § 303.03 providing that no foreign corporation shall transact business in this state unless it holds a certificate of authority

so to do. The purpose of so defining the term "foreign corporation" as used in this section to exclude corporations entitled by reason of Federal law to transact business here without obtaining such a certificate is obvious. On the other hand, such a limitation placed on the term "foreign corporation" as used in § 303.13, subd. 1(3), would make the operative effect of that section so minimal as to render it almost useless. It would provide an additional method of acquiring service on foreign corporations only in those situations where a foreign corporation transacting intrastate business in Minnesota has failed to obtain a certificate of authority to do so pursuant to § 303.08.

(3)   Section 303.13, subd. 1(3), was first adopted in 1957 (L. 1957, c. 538). Since that time, service made pursuant to this section of the statutes has been contested on at least seven occasions.[2] It is clear from the opinions then written that our court has never considered § 303.13, subd. 1(3), confined in operative effect to corporations transacting intrastate business in Minnesota which had failed to secure a certificate of authority so to do pursuant to § 303.08. In these cases we have implicitly accepted the definition of foreign corporation as it appears in § 300.02, subd. 6. Although the argument now urged by Deere and Company was not advanced before, we feel that these repeated holdings in which the broader definition of "foreign corporation" has been assumed to be the one applicable to § 303.13, subd. 1(3), are now controlling and should be determinative here.

Defendant argues that L. 1967, c. 427, was enacted to meet the problem posed by its objections to the attempted service of process in this case. We think it more likely that the amendment was intended to meet the

---

[2] Beck v. Spindler, 256 Minn. 543, 99 N. W. (2d) 670; Atkins v. Jones & Laughlin Steel Corp. 258 Minn. 571, 104 N. W. (2d) 888; The Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 107 N. W. (2d) 381, certiorari denied, 366 U. S. 961, 81 S. Ct. 1921, 6 L. ed. (2d) 1253; Adamek v. Michigan Door Co. 260 Minn. 54, 108 N. W. (2d) 607; Fourth Northwestern Nat. Bank v. Hilson Industries, Inc. 264 Minn. 110, 117 N. W. (2d) 732; Ehlers v. United States Heating & Cooling Mfg. Corp. 267 Minn. 56, 124 N. W. (2d) 824; McDermott v. Bremson, 273 Minn. 104, 139 N. W. (2d) 809.

problems intimated by such cases as Ehlers v. United States Heating & Cooling Mfg. Corp. 267 Minn. 56, 124 N. W. (2d) 824, where defendant neither transacted business in Minnesota nor shipped its products into this state.

■ No matter how liberally we construe it, the complaint in this case does not allege that the claim is one arising from or growing out of either a contract to be performed in whole or in part in Minnesota or a tort committed in whole or in part in Minnesota by a foreign corporation. There is language in our decisions recognizing the significance of such allegations.[3] We do not believe, however, that the absence of this detail should be fatal to jurisdiction where the foreign corporation is notified that the service is being made pursuant to § 303.13, subd. 1(3).

■ The process was not personally served on the secretary of state. It was mailed to him. Mailing *by* the secretary of state to the defendant corporation is authorized by the statute; but mailing process *to* the secretary of state in lieu of personal service on him is not specifically authorized. The secretary of state did not "admit service." Under the statutes he has no specific authority to do so. But his certificate does state that the process was *filed* in his office. While the statute does not declare filing to be the equivalent of service, we believe the word "served," as used in § 303.13, subd. 1(3), should have the same construction as the phrase "serving a notice," as used in § 633.20, which governs the right to appeal from justice court to district court. In *State v. Pierce*, 257 Minn. 114, 115, 100 N. W. (2d) 137, 138, we thus defined service for purposes of § 633.20:

"The statute is silent as to the mode of service of the notice of appeal on the county attorney or, if he is absent from the county, upon the clerk of the district court. We may assume that personal service is contemplated by the statute. However, even where personal service is required by a statute, we have long held that, where service is made by mail and actually

[3] Atkins v. Jones & Laughlin Steel Corp. 258 Minn. 571, 580, 104 N. W. (2d) 888, 894; The Dahlberg Co. v. Western Hearing Aid Center, 259 Minn. 330, 333, 107 N. W. (2d) 381, 383, certiorari denied, 366 U. S. 961, 81 S. Ct. 1921, 6 L. ed. (2d) 1253; McDermott v. Bremson, 273 Minn. 104, 107, 139 N. W. (2d) 809, 811.

reaches the party to be served within the required time, it is equivalent to personal service."

We recognize that Grabner v. Willys Motors, Inc. (9 Cir.) 282 F. (2d) 644, 86 A. L. R. (2d) 995, construing an Oregon statute providing for service upon the corporation commissioner of that state, seems to support a different conclusion. However, the Oregon statute contains language directing that service of the process be effected by "delivering a copy thereof" to the commissioner. In any event, it does not seem reasonable to insist that Minn. St. 303.13, subd. 1(3), must be served upon the secretary of state personally when he acknowledges receipt of it by mail as he has done in this case. To require the delivery of the process to the secretary of state personally would add nothing to its notice-giving function in so far as the defendant is concerned because, by the terms of the statute, the secretary of state is authorized to complete the prescribed service-making mechanism by mailing a copy of it to the defendant corporation.

It is our conclusion, therefore, that the order of the trial court quashing the affidavit of service and dismissing the action must be reversed.

Reversed.