Suzanne H. LYNCH, Plaintiff,

v.

VOLKSWAGEN OF AMERICA, INC.,
Defendant.

No. 4–70–Civ. 71.

United States District Court,
D. Minnesota,
Fourth Division.

April 27, 1970.

Peder B. Hong, Minneapolis, Minn., for plaintiff.

George Flynn, Faegre & Benson, Minneapolis, Minn., for defendant.

ORDER

MEMORANDUM

LARSON, District Judge.

The plaintiff in this action, Suzanne H. Lynch, a resident of the State of Minnesota, alleges that on or about September 3, 1968, she purchased a 1969 Volkswagen automobile from Barry-Palmer Volkswagen of Stratford, Connecticut, a franchisee of the defendant, and that incident to this sale she received a service booklet in which the defendant represented "thorough, quick, and efficient service" would be made available to her at all franchised Volkswagen dealers in the United States and Mexico. The plaintiff claims that in reliance on these representations she and three companions set out in this vehicle on a trip to Mexico, which was subsequently interrupted on several occasions due to mechanical difficulties with the car. The plaintiff alleges that although she attempted to have the automobile fixed at eight different Volkswagen dealers, it never performed satisfactorily, and that as a direct result of the defendant's misrepresentations and breach of express and implied warranties, she suffered damages in the amount of $25,000. Further, the plaintiff asks the Court to enjoin further distribution of the service booklet in Minnesota due to the additional harm being suffered by citizens of this State.

■ When this action was originally commenced in the State Court service of process was accomplished upon the Secretary of State under Minn.Stat. § 303.- 13. Following removal to this Court, the defendant has challenged its jurisdiction by contending that no tort or contract was committed or performed in whole or in part within the State of Minnesota, thereby exempting the defendant from the purview of § 303.13. The plaintiff responds that the defendant is subject to service under clause (2) of subdivision 1 of § 303.13 or, in the alternative, that the defendant's tort is a continuing one. Section 303.13 reads as follows:

"303.13 *Service of process*

"*Subdivision 1. Foreign Corporation.* A foreign corporation shall be subject to service of process, as follows:

"(1) By service thereof on its registered agent;

"(2) When any foreign corporation authorized to transact business in

this state shall fail to appoint or maintain in this state a registered agent upon whom service of process may be had, or whenever any such registered agent cannot be found at its registered office in this state, as shown by the return of the sheriff of the county in which such registered office is situated, or whenever any corporation shall have withdrawn from the state, or whenever the certificate of authority of any foreign corporation shall have been revoked or canceled, then, and in every such case, service may be made by delivering to and leaving with the secretary of state, or with any deputy or clerk in the corporation department of his office, three copies thereof and a fee of $7.50; provided that after a foreign corporation shall have withdrawn from the state, pursuant to section 303.16, service upon such corporation may be made pursuant to the provisions of this section only when based upon a liability or obligation of such corporation incurred within this state or arising out of any business done in this state by such corporation prior to the issuance of a certificate of withdrawal.

"(3) If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or

tort. Such process shall be served in duplicate upon the secretary of state, together with a fee of $7.50 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of such mailing, notwithstanding any other provision of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Minnesota."

In order to establish jurisdiction under clause (2) of § 303.13, *i. e.*, issue a valid service of process, there must be a requisite demonstration that the defendant foreign corporation is "authorized to transact business in this state." To date there has been no such showing, and presumably there never could be. A review of two reported decisions, which explain the manner in which the defendant does business, indicates that Volkswagen of America is simply the importer of German made automobiles which, at the point of entry, sells these vehicles to regional distributors who ultimately appoint and supply the local dealers. See Easterling v. Volkswagen of America, Inc., 308 F.Supp. 966 (D.C. Miss.1969); Fayette v. Volkswagen of America, Inc., 273 F.Supp. 323 (D.C. Tenn.1967). In light of this arrangement the Court deems it highly unlikely that the State Legislature intended to label the defendant as a "corporation authorized to transact business," and thus clause (2) is at present inoperative.

Any representations in regard to the fitness for purpose or merchantability of the car, or as to the service an owner would receive, transpired at the time and place the car was purchased, namely, Connecticut. Likewise, the breach of

any warranty or damages resulting from a misrepresentation occurred in the several states through which the plaintiff was traveling, but not in Minnesota. Thus, the only nexus between the complained of activities and this State is that the plaintiff happens to currently reside here. These facts do not warrant assumption of jurisdiction by this Court. The defendant is not doing business in Minnesota nor is it authorized to; the defendant has not entered into a contract to be performed in whole or in part in this State, nor has it committed a tort in whole or in part here.

In every significant decision sustaining jurisdiction under § 303.13 the cause of action has been predicated on a contract to be performed in whole or in part in Minnesota, e. g., receipt of goods, securities, franchise, etc., or the incurring of injury or damages in whole or in part in this State. See Beck v. Spindler, 256 Minn. 543, 99 N.W.2d 670 (1959); Paulos v. Best Securities, Inc., 260 Minn. 283, 109 N.W.2d 576 (1961); Haldeman-Homme Mfg. Co. v. Texacon Industries, Inc., 236 F.Supp. 99 (D.C.Minn.1964); United Barge Co. v. Logan Charter Service, Inc., 237 F.Supp. 624 (D.C.Minn. 1964); Kornfuehrer v. Philadelphia Bindery, Inc., 240 F.Supp. 157 (D.C. Minn.1965); Aftanese v. Economy Baler Company, 343 F.2d 187 (8th Cir. 1965); McDermott v. Bremson, 273 Minn. 104, 139 N.W.2d 809 (1966); Bonhiver v. Louisiana Brokers Exchange of Baton Rouge, Inc., 255 F.Supp. 254 (D.C.1966); Washington Scientific Industries, Inc. v. Polan Industries, Inc., 273 F.Supp. 344 (D.C.Minn.1967); Electro-Craft Corporation v. Maxwell Electronics Corporation, 417 F.2d 365 (8th Cir. 1969).

The Court notes in passing that even if it should assume jurisdiction over the defendant, the prayer for an injunction is improperly pleaded. It appears that the plaintiff is seeking an injunction on behalf of other citizens of this State. As such, a class action would be the appropriate method.