David **RITTER** and Adam Jaros,
Plaintiffs,

v.

**VOLKSWAGEN WERK GMBH, a Corporation of the Federal Republic of Germany; Volkswagen of America, Inc., a New Jersey Corporation; John A. Erickson d/b/a Continental Motors; Lakehead Auto Imports, Inc., a Minnesota Corporation, Defendants.**

**LAKEHEAD AUTO IMPORTS, INC., a Minnesota Corporation and John A. Erickson d/b/a Continental Motors, Third-Party Plaintiffs,**

v.

Michael **JAROS**, Third-Party Defendant.

No. 5–70 Civ. 12.

United States District Court,
D. Minnesota,
Fifth Division.

Nov. 25, 1970.

Applequist, Lyons, Nolan, Donovan, Larson & Barnes, by Robert P. Nolan, Duluth, Minn., for moving defendants in support of the motion.

Courtney, Gruesen & Petersen, by James J. Courtney, Duluth, Minn., for plaintiffs in opposition thereto.

Reavill, Neimeyer, Johnson, Fredin & Killen by John J. Killen, Jr., Duluth, Minn., for Lakehead Auto Import.

Hammer, Weyl, Halverson & Watters, by Kenneth C. Weyl, Duluth, Minn., for John A. Erickson, etc.

Palmer, Hood, Crassweller & McCarthy, by Robert K. McCarthy, Duluth, Minn., for Michael Jaros appeared but did not participate actively in the hearing of the motion.

NEVILLE, District Judge.

Plaintiff David Ritter, a resident of California, is alleged to have sustained personal injuries when a 1963 model Volkswagen which he was operating near Effingham, Illinois, went out of control and rolled over. The case of Adam Jaros, a passenger in the car at the time, though originally joined with the Ritter claim has been settled and dismissed with prejudice. Defendant Volkswagen Werk GMBH (VWG), a German corporation, with its principal place of business in Germany, designed, manufactured, and exported the vehicle here in question to the United States. Defendant Volkswagen of America, Inc., (VWA), a New Jersey corporation, with its principal place of business in New Jersey, a wholly owned subsidiary of VWG, imported the vehicle for distribution and resale in the United States. These two defendants move to dismiss the complaint as to them and to quash service of process for want of personal jurisdiction over them by this court.

It appears from the uncontested affidavits of the defendants, that VWA sold the subject 1963 Volkswagen to Import

Motors of Chicago, an Illinois corporation. Import Motors, acting as a distributor, then sold the car to Ironwood Auto Mart, a Volkswagen dealer in Ironwood, Michigan, which in turn sold it to a consumer, one James S. Hudak, sometime in 1963. Hudak subsequently traded the vehicle to Continental Motors of Duluth, Minnesota, also a defendant in this action, but not involved in the motion presently before the court. On June 15, 1965, one Michael Jaros (the father of the passenger in the car at the time of the accident in Illinois), purchased the car from Continental Motors in the city of Duluth, Minnesota.

In this diversity action plaintiff seeks recovery for personal injuries from both VWG and VWA on the various theories of products liability, negligence, strict liability, and breach of implied warranty. The diversity of citizenship between parties, and the amount in controversy requisite for subject matter jurisdiction under 28 U.S.C. § 1331 are clearly present.

Service of process upon both VWG and VWA was attempted to be accomplished by service on the Minnesota Secretary of State pursuant to Minn.Stat. § 303.13. This long-arm statute confers jurisdiction over any foreign corporation and renders it amenable to service of process in Minnesota if it has been "doing business in Minnesota" in that it has "made a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota". No claim to jurisdiction is made by plaintiff in this case under Minn.Stat. § 543.19 and it would seem it well could not be for the reasons, among others, hereinafter stated as to § 303.13.

Once jurisdiction has been challenged, the burden of proving its presence rests on the party asserting it. Williams v. Connolly, 227 F.Supp. 539, 550 (D.Minn.1964). In order to establish jurisdiction under clause (3) of § 303.13 Subd. 1, the plaintiff must make the requisite showing that a foreign corporation is "doing business in Minnesota". Rather than present a particularized showing of actual presence in the state, or appointment of an agent under Subd. 1(2) plaintiff apparently relies on the facts alleged in his pleadings to bring these defendants within the language of the statute.

To the contrary, defendants, by uncontested affidavits assert the following facts disputing jurisdiction.

1) VWG is a German corporation which designs, manufactures, sells and delivers all of its products outside of the State of Minnesota. VWG owns no property, has no agent, maintains no offices or records, solicits no business, does no advertising and lists no telephone within the State of Minnesota.

2) VWA is a New Jersey corporation engaged in the importation of VWG German made automobiles which at the point of entry, it sells to regional distributors, none of which are located in Minnesota. All sales and deliveries of Volkswagen products by VWA occur entirely outside of the State of Minnesota. VWA similarly owns no property, has no agent, maintains no offices or records, solicits no business, does no advertising and lists no telephone within the State of Minnesota.

3) While the sale and use in Minnesota of products manufactured by VWG and placed in the stream of commerce by VWA is clearly foreseeable and substantial, such sales are transacted by independent dealers appointed by regional distributors. The origional distributor selling to Minnesota dealers at all times pertinent to this case was Import Motors of Chicago, an Illinois corporation, entirely separate and apart from either of VWG or VWA and in which neither of said defendants had any financial interest. In any event, as above stated,

the particular car here involved was sold to a user, i.e., a consumer, at Ironwood, Michigan and was not sold by Import to anyone in Minnesota, and clearly not by either of the moving defendants.

The case at bar clearly is not one where the results of a mal-designed product or a negligently manufactured vehicle impinged upon and did damage to a Minnesota resident in Minnesota, for the claimed injury took place in Illinois and was suffered by a California resident who happens to have chosen to sue in the United States District Court in Minnesota.

On the basis of a rather similar factual finding, this court has held that defendant VWA was not "authorized to transact business" in the State of Minnesota. Lynch v. Volkswagen of America, Inc., 322 F.Supp. 1286 (Larson, J. 1970). The *Lynch* holding is equally applicable to VWG.

It is now settled that "\* \* \* [t]he Minnesota Supreme Court in construing [Minn.Stat. § 303.13 subd. 1 (3)] has indicated it will assert maximum jurisdiction consistent with the due process clause." McNeely v. Clayton and Lambert Mfg. Co., 292 F.Supp. 232, 236 (D. Minn.1968). However, this court has found that, "[i]n every significant decision sustaining jurisdiction under § 303.13 the cause of action has been predicated on a contract to be performed in whole or in part in Minnesota e.g., receipt of goods, securities, franchise, etc., or the incurring of injury or damages in whole or in part in this state." Lynch v. Volkswagen of America, Inc., *supra*.

█ The requisite jurisdictional facts contemplated by § 303.13 simply are not present in this case. The only pertinent contracts alleged to have been executed or performed in whole or in part in Minnesota are those involved in the trade-in and resale or servicing of a used Volkswagen product from a local defendant or defendants. It is obvious that neither of VWG nor VWA entered into this transaction or made any contract performable in whole or in part in Minnesota.

Plaintiff asserts claims against both VWG and VWA based on an alleged breach of implied warranty, negligence and/or strict liability. Breach of warranty if any made by VWG or VWA clearly occurred outside of Minnesota. Likewise, any tort liability based on the negligence of either of the moving defendants necessarily involves injuries incurred and arising outside of the State of Minnesota, to a person who by his own pleading is not a resident of Minnesota and thus is not within the language of 303.13 Subd. 1(3) in any event. Therefore there cannot be said to be any tort committed in Minnesota since no force impinged nor was any damage done or injury inflicted in Minnesota.

Plaintiff has failed to make a showing of jurisdictional facts sufficient to bring the moving defendants within Minn. Stat. § 303.13. Plaintiff cites several authorities construing Minn.Stat. § 303.13 as well as similar "single act" statutes from other states. However, none of these cases stand for the proposition that jurisdiction may be had under a state's long arm statute where no contract was made in the State and where the claimed tortious injury took place outside the State to a plaintiff who was a non-resident of the State.

For additional Volkswagen cases see Easterling v. Volkswagen of America, Inc., 308 F.Supp. 966 (S.D.Miss.1969); Fayette v. Volkswagen of America, Inc., 273 F.Supp. 323 (W.D.Tenn. 1967).