MARNO M. McDERMOTT, JR. v.
DAVID H. BREMSON AND ANOTHER.
NATIONAL CIBO HOUSE MANAGEMENT CORPORATION,
APPELLANT.

139 N. W. (2d) 809.

January 21, 1966—No. 39,823.

*Herbert C. Davis,* for appellant.
*George A. Perzel,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying a motion to quash a service of summons and complaint under our Single Act Statute, Minn. St. 303.13, subd. 1(3).

We accept jurisdiction and affirm the order of the trial court although, the appeal having been taken on February 4, 1965, the statutory under-pinning for review as of right is questionable due to the circumstance that between May 22, 1963, and May 22, 1965, the provision of the Civil Appeal Code authorizing appeal from an "order involving the merits of the action or some part thereof" was, perhaps inadvertently, omitted from the law.[1] See, Speyer v. The Savogran Co. 267 Minn. 67, 124 N. W. (2d) 827; Ginsberg v. Williams, 270 Minn. 474, 135 N. W. (2d) 213.

Facts

The factual situation to be derived from the record before the trial court, and upon which we base our determination to affirm, is this:

Defendant National Cibo House Management Corporation (Cibo) is a foreign corporation organized under the laws of Tennessee with princi-pal office in Memphis. It is in the pizza business. Its presence in Minne-

---

[1] L. 1963, c. 806, § 8; L. 1965, c. 607.

sota comes about because of franchise agreements in which the rationale of operation is described as follows:

"* * * [T]he National Cibo House has successfully used the name 'Cibo House' (Cibo is the Italian word for food) in the operation of a chain of specialty food establishments which feature pizza, Italian style foods, and other related items. * * * A great amount of good will and public acceptance has been created * * *. The National Cibo House expects to issue franchises to qualified and selected persons and organizations for the operation of 'Cibo Houses' throughout the United States. * * *

"* * * [I]t is of substantial value and importance to both National Cibo House and franchise owner that a chain of Cibo houses be established, all using the name 'Cibo House' and a similar or identical sign, with all such establishments decorated in a uniform design using the same or similar printed paper goods, dishes, glassware, silverware, furnishings, uniforms of employees, cases, counters, equipment and having similar menus, featuring a variety of pizza, other Italian and American specialties, and related food products; all of which will be prepared and served in the same manner and at similar prices in each establishment."

Persons obtaining franchises achieve the desired uniformity of appearance and menu by using the same trademark; establishing a place of business of prescribed design; and vending a product made like that of other "Cibo Houses" by the use of identical ingredients prepared according to standardized methods by trained personnel—all attained by accepting direction and supplies from the national corporation.

Defendant corporation owns no property in Minnesota and has no office here. It has never applied for permission to do business in the State of Minnesota and has no appointed agent here for service of process. It has, however, franchise agreements of the type described with at least five residents of this state, as a result of which it has sent employees here; arranged for advertising programs; and transported to the franchise holders the ingredients needed so that, in the language of the franchise, "all franchise owners will serve the same food specialties and with the same high quality and attractive tastes."

Cibo employs field representatives to solicit applications for franchise agreements. Defendant David H. Bremson, a Minnesotan, served in this capacity while the events giving rise to our current lawsuit were occurring. In all employment contracts these men are designated as independent field representatives rather than agents. They are paid on a straight commission basis. While not actually authorized to make any representation, warranty, or promise in connection with any franchise, or to bind the corporation, each of the field representatives must use sales materials and methods approved by Cibo. Defendant Cibo published an ad in the Minneapolis paper describing available franchise opportunities. Plaintiff responded and was referred to defendant Bremson.

Bremson and plaintiff then met by prearrangement at a hotel in Minneapolis. After discussion, plaintiff executed application forms for a franchise which were forwarded to Cibo. Plaintiff also sent a franchise fee to Cibo in the amount of $2,950. After receiving it, Cibo accepted the application at its Memphis office. The present cause of action is for a return of the money based, in part, on the theory that inducing representations made by Bremson were false, and, in part, it seems, on the theory that Bremson had assured plaintiff that the fee would be returned if plaintiff decided not to establish the franchised business.

## Decision

The pleadings, liberally construed, disclose that plaintiff's claim is one "arising from or growing out of" either (a) a contract to be performed in whole or in part in Minnesota, or (b) a tort committed in whole or in part in Minnesota by the foreign corporation.[2] Under the circumstances of

---

[2] Minn. St. 303.13, subd. 1(3), provides: "If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. * * * The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation

this case, the trial court was not bound to accept Cibo's disclaimer of an agency relationship between it and Bremson.

We recognize that the use of our Single Act Statute is limited by the due process requirements of the Federal Constitution. The relevant considerations are carefully analyzed in Aftanase v. Economy Baler Co. (8 Cir.) 343 F. (2d) 187, and need not be reviewed here. The rule which has been established for our guidance, i.e., "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," International Shoe Co. v. Washington, 326 U. S. 310, 316, 66 S. Ct. 154, 158, 90 L. ed. 95, 102, is one which involves assessment of the significant factors of each case—a process in which this summary of the decisions of the United States Supreme Court appearing in 2 Moore, Federal Practice (2 ed.) par. 4.25[5], is a helpful analytical aid:

"Based as they are on notions of fairness and reasonableness, the Supreme Court decisions do not permit a simple generalization of the rule pertaining to in personam jurisdiction over foreign corporations. If there are substantial contacts with the state, for example a substantial and continuing business, and if the cause of action arises [out] of the business done in the state, jurisdiction will be sustained. If there are substantial contacts with the state, but the cause of action does not arise out of these contracts, jurisdiction may be sustained. *If there is a minimum of contacts, and the cause of action arises out of the contacts, it will normally be fair and reasonable to sustain jurisdiction.* If there is a minimum of contacts and the cause of action does not arise out of the contacts, there will normally be no basis of jurisdiction, since it is difficult to establish the factors necessary to meet the fair and reasonable test." (Italics supplied.)

If plaintiff's assertions are true, the contacts of Cibo in the State of Minnesota were sufficiently substantial to place defendant corporation in possession of about $3,000 of plaintiff's money in exchange for which it has done nothing, so far as the record indicates, either within or without the

---

that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota."

territorial limits of the state. Now that plaintiff contends that the money was secured by a fraud practiced on him in Minnesota or as the result of representations made here giving him the right to the return of it, it seems not unreasonable to insist that Cibo assert its defenses to these claims in the courts of this state.

Affirmed.