EDISON INDUSTRIES, INC., Plaintiff,

v.

CHICKASHA MOBILE HOMES, INC.,
Defendant.

No. 4–69 Civ. 64.

United States District Court
D. Minnesota,
Fourth Division.

May 23, 1969.

Robins, Davis & Lyons, by Lawrence Zelle, Minneapolis, Minn., for plaintiff.

Richards, Montgomery, Cobb & Bassford, by Nathan A. Cobb, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Before the court in the above entitled case is defendant's motion to quash service of process on the ground that there is lack of jurisdiction over the person of the defendant or alternatively for dismissal of the complaint on the ground that it fails to state a claim upon which relief can be granted. The complaint asserts a claim for alleged breach by defendant of a contract to sell mobile homes to plaintiff and a claim for tortious misrepresentation by defendant to plaintiff with respect to the defendant's ability and intention to carry out such contract.

The motion to quash service of process is denied. Personal jurisdiction over the defendant was achieved by substituted service upon the Secretary of State pursuant to the "One Act Statute," Minn.Stat. § 303.13, subd. 1(3) [1]. Defendant makes no claim that the procedures of the statute were not followed, but only that it is inapplicable here because the complaint fails to show that there was any contract between the par-

---

1. "Subdivision 1. Foreign corporation. A foreign corporation shall be subject to service of process, as follows:

\* \* \* \* \*

(3) If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. Such process shall be served in duplicate upon the secretary of state \* \* \* and the secretary of state shall mail one copy thereof to the corporation \* \* \*. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota."

ties or that defendant committed any tort in Minnesota.

■ Plaintiff, in resisting defendant's motion, has filed an affidavit of its president, setting forth more detail than is contained in the complaint. Defendant's motion does not indicate under what Federal Rule it is brought but if it be deemed to be a motion under Rule 12 (b) (2), for all practical purposes it is in effect a motion for judgment on the pleadings, for defendant claims that the lack of jurisdiction appears conclusively on the face of the complaint in that no valid contract is alleged or set forth therein. Considering then that this is a motion for judgment on the pleadings under Rule 12(c) or in the alternative a motion brought under Rule 12(b) (6), matters outside the pleadings have been permitted to be filed and the court will consider the motion or motions as in effect motions for summary judgment under Rule 56 as the Rules provide.

This case presents an unusual situation in that the threshold question is in essence the ultimate question. The Minnesota Statute reads:

"If a foreign corporation *makes a contract* with a resident of Minnesota * * *." [Emphasis added]

Defendant here denies that any contract was in fact made; therefore the statute is inapposite for if no contract was made, then by the very terms of the statute, service on the Secretary of State cannot be made. Defendant requests that the court rule now as a matter of law, based on the allegations in the complaint and Exhibit A attached thereto, that no contract existed. Plaintiff has paid defendant a total of some $600,000 for 178 mobile homes it has bought. No complaint is made on account thereof such as breach of warranty or non-performance. Rather plaintiff's grievance is defendant's failure to sell plaintiff an additional $400,000 worth of mobile homes, which if bought and paid for would result in certain rebates to plaintiff for those heretofore purchased. It is failure of future performance that forms the basis of plaintiff's complaint.

Exhibit A referred to above is a four-page letter called "Confirmation of Commitments Made" signed by defendant. Defendant claims that this letter is merely an invitation to contract and in effect nothing more than a price list, albeit personally tailored; that plaintiff did not bind itself to purchase a single mobile home nor not to buy mobile homes from others; that the alleged contract lacks mutuality and fails for want of consideration; that each order placed is itself the offer which defendant may accept or reject as it will; that the alleged agreement does not come within the purview of nor meet the requirements of Minn.Stat. § 336.2–306 (1).

The affidavit filed by plaintiff states:

"4. In the latter part of January, 1968, Mr. Stanley F. Raczynski, president of Chickasha Mobile Homes, Inc., and Mr. Joel Gooch personally met in Minneapolis, Minnesota, with myself, my brother and Mr. Jim Prokosch, an employee of Edison. At that meeting, particulars and details concerning the sale of Chickasha Mobile Homes to Edison were thoroughly discussed, outlined and agreed upon. It was at this meeting that certain of the various false representations set forth in plaintiff's second cause of action were made by representatives of Chickasha. At the conclusion of this meeting, an oral agreement was entered into between Edison and Chickasha for the sale and delivery of Chickasha mobile homes to Edison."

■ The court cannot now rule, without hearing evidence before it, on whether the contract was an oral one and Exhibit A serves merely as a memorandum, signed by defendant, sufficient to take the contract out of the statute of frauds; nor can the court rule on the effect, if any, of the parol evidence rule. There may well be, as plaintiff contends, a genuine issue of material

fact. The court cannot state that there is not as a matter of law. Since the court cannot rule at this stage of the proceedings that there is no contract, then for the purpose of applying the Minnesota Statute § 303.13, Subd. 1(3) relative to service of process, the court is bound it would seem to proceed on the theory, if only for this purpose that a contract exists. If defendant wins at the trial and ultimately it is determined that there is and was no contract, then in retrospect the statute as to service of process never became applicable. The situation is circuitous; proof of one is proof of the other; failure to prove one is failure to prove the other. It cannot be resolved now, however, on a motion for summary judgment.

Assuming arguendo that there was a contract made and that defendant has breached the same by refusing to perform, the court has no doubt but that section 303.13, Subd. 1(3) is applicable.

■■■ The test to be applied is a two-fold one. The first is whether, as a matter of state law, the statute applies to the given facts. The court believes that the complaint and the affidavit filed by plaintiff show that defendant as a foreign corporation is alleged to have made a contract with plaintiff which was to be performed in part in Minnesota. Hence defendant, under the Single Act statute cited above, is deemed to be doing business in the state and to have appointed the Secretary of State its agent for service of process upon it. The court believes that this is the result the Minnesota Supreme Court would reach on the facts of the case at bar. See *e.g.* Kalthoff v. Deere and Company, 281 Minn. 210, 161 N.W.2d 313 (1968); Hagberg v. Colonial and Pacific Frigidways, Inc., 279 Minn. 396, 157 N.W.2d 33 (1968); McDermott v. Bremson, 273 Minn. 104, 139 N.W.2d 809 (1966); Paulos v. Best Securities, Inc., 260 Minn. 283, 109 N.W.2d 576 (1961); Dahlberg Company v. Western Hearing Aid Center, Ltd., 259 Minn. 330, 107 N.W.2d 381 (1961).

■■ The second test is whether or not the assumption of jurisdiction offends Federal due process requirements. This, too, is a case by case decision. It requires an analysis and judgment as to whether or not the contacts that the out-of-state defendant has had with the forum state are "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In making this determination the court notes the five general guidelines enumerated by our Eighth Circuit Court of Appeals, namely the quantity of the contacts, their nature and quality, the connection between the contacts and the cause of action, interests of the forum state, and convenience of the parties. Aftanase v. Economy Baler Company, 343 F.2d 187, 197 (8th Cir. 1965).

■ Applying these criteria, the court is satisfied that due process is well met. According to the uncontroverted affidavit of plaintiff's president: 1) the initial contact for this contract came from defendant to plaintiff in Minnesota, see Ewing v. Lockheed Aircraft Corp., 202 F.Supp. 216, 219 (D.Minn. 1962); 2) this initial contact and two or three other negotiation conferences were held in Minnesota; 3) a letter stating the terms and conditions of the alleged contract came from defendant to plaintiff in Minnesota; 4) payment was to be made from Minnesota; 5) as a result of the negotiations approximately five hundred thousand dollars of merchandise was shipped to plaintiff in Minnesota (some elsewhere) by defendant; 6) representatives of defendant called upon plaintiff in Minnesota during the period when merchandise was being delivered into the state. The court is of the opinion that these and other contacts are of sufficient quantity, quality and relation to the contract at issue so as to meet the federal constitutional standards. In addition to the Minnesota Supreme Court cases cited above, see Aftanase v. Economy Baler Company, 343 F.2d 187 (8th

Cir. 1965); Washington Scientific Industries, Inc. v. Polan Industries, Inc., 273 F.Supp. 344 (D.Minn.1967); Bonhiver v. Louisiana Brokers Exchange of Baton Rouge, Inc., 255 F.Supp. 254 (D. Minn.1966); Kornfuehrer v. Philadelphia Bindery, Inc., 240 F.Supp. 157 (D.Minn.1965); Haldeman-Homme Manufacturing Co., 236 F.Supp. 99 (D. Minn.1964); Ewing v. Lockheed Aircraft Corp., 202 F.Supp. 216 (D.Minn. 1962); McMenomy v. Wonder Building Corporation of America, 188 F.Supp. 213 (D.Minn.1960).

■ Defendant also claims that plaintiff's pleadings as a matter of law do not allege the commission of a tort by defendant within Minnesota. Plaintiff alleges for its second cause of action that defendant misrepresented that it would be able to handle and had capacity for any volume of business that plaintiff might direct to it, at least up to $1,-000,000 so as to entitle plaintiff to maximum rebates provided in Exhibit A, the letter of commitment. Plaintiff pleads on this count damages for $50,000 for loss of sales and profits. Defendant claims that the tort of misrepresentation and fraud requires several elements, one of which is damages; that Minnesota does not recognize the "loss of bargain" rule of damages for fraud but only "out of pocket" damages; that the latter are not pleaded but only the former and therefore no tort of fraud is pleaded. Decision on this part of defendant's motion is not necessary really, for once the court has determined that jurisdiction exists on the basis of a contract under § 303.13, Subd. 1(3), it follows that the court has jurisdiction for other purposes and for the assertion of other claims. In any event, the court does not believe it could decide this question on this motion but should await trial of the case since a genuine issue of material fact would appear to be involved.

What has been said above disposes of defendant's alternative motion to dismiss for failure to state a claim upon which relief can be granted. A separate order has been entered.