James E. KLAPMEIER, John F. Harris, Jack Dekker, Zaven Dadekian, Dave Wilbourn, Plaintiffs,

v.

TELECHECK INTERNATIONAL, INC., a Hawaii Corporation, Harry M. Flagg, Harry D. Felt, Robert J. Baer, Herbert C. H. Chun, George L. K. Kerr, Herman T. F. Lum, Bruce A. McCandless, Gerald C. McKenna, David S. Nakano, Omar A. Tunks, J. Edwin Whitlow, and Clifford H. N. Yee, Defendants.

No. 5–70 Civ. 31.

United States District Court,
D. Minnesota,
Fifth Division.

Sept. 11, 1970.

Rider, Bennett, Egan, Johnson & Arundel, by Stuart W. Rider, Jr., Minneapolis, Minn., for plaintiffs.

Dorsey, Marquart, Windhorst, West & Halladay, by Peter Dorsey and James H. O'Hagan, Minneapolis, Minn., for defendants.

NEVILLE, District Judge.

Jurisdiction in the above entitled case over the persons of certain parties defendant, residents of Hawaii and California, not claimed to be reachable by process under the Minnesota long-arm statute, depends upon the application of

15 U.S.C. § 78aa, § 27 of the Securities Exchange Act of 1934, which reads:

"The district courts of the United States * * * shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, *and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.* * * *" [Emphasis added]

and on § 22(a) of the Securities Act of 1933, codified as 15 U.S.C. § 77v, which makes similar provision for nationwide service of process.

The basis for plaintiffs' allegations both of amenability to personal jurisdiction under the above section and of liability under certain sections of the Securities Act is their contention that these defendants are "controlling persons" within the meaning of 15 U.S.C. §§ 77o and 78t(a).

The issue of "control" is a complex fact question which requires an examination of the relationships of the various alleged "controlling persons" to the person or entity which transacted the sale of securities alleged to have violated the Act, an examination of which cannot be limited to a cursory review of their proportionate equity positions, employment or director status on the relevant dates. While a majority shareholder might as a matter of law be held to "control" the entity regardless of his actual participation in management decisions and the specific transaction in question, the absence of a substantial ownership of shares does not foreclose liability under the Act as a "controlling person". The court does not believe this issue is adaptable to resolution against the plaintiffs at this early stage of the case. In a situation where jurisdictional facts are so closely intertwined with the ultimate factual issue determinative of statutory liability, this court must work from a presumption that jurisdictional facts alleged in the complaint to the effect that these defendants are, or were, "controlling persons" are correct for purposes of pretrial motions attacking jurisdiction. To grant the motions now would be a determination of the ultimate fact question that the movants were not "controlling persons". The determination to deny the motions to dismiss however cannot and should not be read to imply an ultimate finding that they are or were "controlling persons", but only that thus far the court does not have sufficient evidence before it to be able intelligently to rule on the question. Conceivably after discovery procedures have been concluded a further review of the question raised by the motions might be more feasible, though this is not at all certain.

The above approach conforms to that taken by this court in the case of Edison Industries, Inc. v. Chickasha Mobile Homes, Inc., 299 F.Supp. 1008 (1969), in which the operative jurisdictional fact, the existence or nonexistence of a contract made in Minnesota, was identical to the fact at issue in the substantive claim. In denying what was in effect a motion for summary judgment on the ground that there had been no effective personal service, this court stated:

"The court cannot now rule, without hearing evidence before it, on whether the contract was an oral one and Exhibit A serves merely as a memorandum, signed by defendant, sufficient to take the contract out of

the statute of frauds; nor can the court rule on the effect, if any, of the parol evidence rule. There may well be, as plaintiff contends, a genuine issue of material fact. The court cannot state that there is not as a matter of law. Since the court cannot rule at this stage of the proceedings that there is no contract, then for the purpose of applying the Minnesota Statute § 303.13, Subd. 1(3) relative to service of process, the court is bound it would seem to proceed on the theory, if only for this purpose that a contract exists. If defendant wins at the trial and ultimately it is determined that there is and was no contract, then in retrospect the statute as to service of process never became applicable. The situation is circuitous; proof of one is proof of the other; failure to prove one is failure to prove the other. It cannot be resolved now, however, on a motion for summary judgment." 299 F.Supp. at 1010–1011.

Judge Larson, in Anderson v. Francis I. duPont & Co., D.C., 291 F.Supp. 705 (1968), came to a similar conclusion in a case which posed a jurisdictional question under the Securities Act identical to the one in this case. Following the criteria set forth by the Eighth Circuit Court of Appeals in Myzel v Fields, 386 F.2d 718 (8th Cir. 1967), cert. denied 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1143 (1968), for the identification of so-called "controlling persons", the court denied motions to dismiss the actions against certain defendants. "Under this test it cannot be said *at this time* that duPont and Ritten are not controlling persons within the meaning of the Act." [Emphasis added]. 291 F.Supp. at 710.

It is unnecessary, in denying the motion to dismiss at this stage of the proceedings, to pass on the question as a matter of law whether directors are *per se* "controlling persons". That issue will be faced only in the event that the evidence ultimately adduced fails to establish that quantum of *actual* con-

trol contemplated by the Securities Act. *Cf.* Miller v. Hano, 8 F.R.D. 67 (E.D. Pa.1947); Moerman v. Zipco, Inc., 302 F.Supp. 439, 447 (E.D.N.Y.1969).

A separate order has been entered.