Joan M. HARRIMAN et al., Plaintiffs,

v.

E. I. DuPONT De NEMOURS AND COM-
PANY, a Delaware corporation, et al.,
Defendants.

Civ. A. No. 4721.

United States District Court,
D. Delaware.

Jan. 16, 1974.

Charles E. Welch, E. I. DuPont De-
Nemours and Co., Wilmington, Del., for

defendant E. I. DuPont DeNemours and Co.

Rodman Ward, Jr., of Prickett, Ward, Burt and Sanders, Wilmington, Del., for the Individual Defendants.

S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant Christiana Securities Co.

E. Norman Veasey, Wendell Fenton, and Robert H. Richards, Jr., of Richards, Layton & Finger, Wilmington, Del., for defendant Wilmington Trust Co.

Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, Del., Lewis C. Murtaugh, of Murtaugh & King, Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION

STAPLETON, District Judge:

This is an action brought by holders of common stock of E. I. DuPont De Nemours and Company ("DuPont"). The corporate defendants are DuPont, Christiana Securities Company ("Christiana") and Wilmington Trust Company ("Wilmington Trust"). The individual defendants are directors of DuPont. Christiana, DuPont and the individual defendants have filed answers to the complaint. Wilmington Trust has filed a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure ("F.R.C.P."), for failure of the complaint to state a claim against it upon which relief can be granted. This motion is currently before the Court for disposition.

Count I of the complaint alleges violations of Rule 10b–5 promulgated by the Securities and Exchange Commission (the "Commission") pursuant to the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. (the "1934 Act") and of the provisions of the Investment Company Act of 1940, 15 U.S.C. § 80a–1 et seq. (the "1940 Act"). Count II of the complaint alleges violations of Delaware law.

The charging paragraphs of the complaint contend that a proposed merger of Christiana into DuPont is unfair to DuPont and its stockholders and is unfairly favorable to Christiana stockholders. In general, Count I alleges that various material misstatements have been made in connection with the merger and that the transaction as a whole violates the fiduciary duty of Christiana imposed by the Investment Company Act. While not expressly stated, it perhaps can be inferred that plaintiffs maintain that the transaction as a whole is a "device or scheme to defraud" as that phrase is used in Rule 10b–5. Count II alleges that the proposed merger "represents seizing of a controlled opportunity by Christiana, and its dominant directors of DuPont, to abuse the legal form of a merger under Delaware law to market an otherwise unmarketable block of shares and distribute them tax free to Christiana shareholders who not only save the tax but reap hundreds of millions of dollars of windfall profits . . . with no business purpose for DuPont." Count II further alleges that "the merger and registration agreement show a reckless disregard of the interests of DuPont, and its shareholders, in the protection of the market of DuPont shares." This is said to be a "grave misuse of fiduciary obligations for which all the defendants share responsibility."

Wilmington Trust correctly points out that the complaint alleges no act on its part. With respect to the first count, Wilmington Trust is not alleged to have made, participated in, or otherwise aided and abetted any misstatement in violation of Rule 10b–5. Nor is it alleged to have participated in any way in the negotiation of the merger transaction. Read liberally, Count II asserts only that Wilmington Trust failed to protect the interest of DuPont shareholders in violation of a fiduciary duty owed to them. It is not alleged that the nominees of Wilmington Trust dominate the Christiana board or that Wilmington Trust has otherwise exercised control over the management of Christiana. Because these allegations are not made,

Wilmington Trust claims that no cause of action has been stated against it.

The complaint does, however, allege a number of facts about Wilmington Trust and its relationship to Christiana which Wilmington Trust characterizes as going only to "status" and as being an entirely unsatisfactory basis for liability.. In particular, the following allegations are made:

1. Wilmington Trust "holds title as trustee or co-trustee to over 50% of Christiana's common stock and has sole or joint discretion as to voting with respect to a substantial number of such Christiana shares the extent of which is unknown" to plaintiffs, Wilmington Trust, "therefore, is an important, if not a dominant factor in respect to Christiana."

2. Christiana controls the management of DuPont through its holdings of DuPont stock and through "common directors."

3. Three directors of Wilmington Trust are also directors of DuPont and Christiana.

4. Six directors of Wilmington Trust are directors of DuPont.

5. One of Wilmington Trust's directors is president of DuPont and was one of two special merger negotiators for DuPont. The honorary chairman of Wilmington Trust's board and its former president is a director of DuPont. A former director of Wilmington Trust is on DuPont's board.

6. A number of the defendant directors of DuPont own substantial amounts of Christiana stock. These directors, "together with their immediate families own beneficial interests in the trusts of Wilmington" Trust. "All such beneficial interest will share in proportion to their holdings of Christiana in the increased value which results by reason of the merger terms."

■ Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t provides as follows:

Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.[1]

This section goes beyond traditional doctrines of agency or conspiracy. Richardson v. MacArthur, 451 F.2d 35 (10 Cir. 1971); Moscarelli v. Stamm, 288 F.Supp. 453 (N.Y.1968); Hawkins v. Merrill, Lynch, Pierce, Fenner & Beane, 85 F.Supp. 104, 110 (D.Ark.1949). Its effect is to impose secondary or derivative liability on any person who controls a violator of the act or of any regulation promulgated thereunder and who does not carry the day on the good faith defense provided therein. Marder v. Armel, 461 F.2d 1123 (6th Cir. 1972); Jezarian v. Csapo, 72–73 CCH ¶ 93,795 (S.D.N.Y.1973); Moerman v. Zipco, Inc., 302 F.Supp. 439 (E.D.N.Y.1969); 3 Loss, Securities Regulation, pp. 1808–10.

The federal securities acts provide no definition of "control." Some guidance can be found, however, in the regulations under the Securities Exchange Act as well as in the cases which have construed Section 20(a). The Commission has defined control as follows:

The term "control" (including the terms "controlling," "controlled by"

[1]. Section 48(a) of the Investment Company Act, in terms identical to those found in Section 20(b) of the Exchange Act, provides:

It shall be unlawful for any person, directly or indirectly, to cause to be done any act or thing through or by means of any other person which it would be unlawful for such person to do under the provisions of this subchapter or any rule, regulation or order thereunder.

Because of the conclusion I here reach, it is not necessary at this time to determine the significance of this section.

and "under common control with") means the possession, directly or indirectly, of *the power to direct or cause the direction of the management and policies* of a person whether *through the ownership of voting securities, by contract, or otherwise.*" 17 C.F.R. § 240.12(b)–2(f).[2] (emphasis supplied).

A similar emphasis on the power or potential of control, as opposed to the actual exercise thereof, is found in the case law. The Eighth Circuit Court of Appeals, for example, in Myzel v. Fields, 386 F.2d 718, 738 (8th Cir. 1967) observed:

> The statute is remedial and is to be construed liberally. It has been interpreted as requiring only some indirect means of discipline or influence short of actual direction.

See also Richardson v. MacArthur, 451 F.2d 35 (10th Cir. 1971); Moerman v. Zipco, Inc., 302 F.Supp. 439 (E.D.N.Y. 1969).

■ The cases also make it clear that the "indirect means of discipline or influence" need not be stock ownership. It may arise from other business relationships, interlocking directors, family relationships and a myriad of other factors. Furthermore, a controlling person need not be the only person or entity with "direct means of discipline or influence." Klapmeier v. Telecheck International, Inc., 315 F.Supp. 1360 (D. Minn.1970); 2 Loss, Securities Regulation, pp. 776–82.

■ Under Section 20(a) the participation of a controlling person in the transaction of which plaintiffs complain is not relevant to liability except insofar as the defendant may demonstrate, by way of defense, that he did not, "directly or indirectly induce" that transaction. And, since one may be a controlling person without having in fact exercised control, a plaintiff can state a cause of action under Sections 10b–5 and 20(a) of the Act without alleging any affirmative action on the part of the defendant. Jezarian v. Csapo, *supra*. In the terminology of Wilmington Trust, "status" may suffice if that status is such that it involves the potential for control.

■ The remaining question with respect to Count I, then, is whether plaintiffs' "status" allegations are sufficient to bring his claim within the scope of Section 20(a). It is neither necessary nor wise in my judgment to decide at this point whether proof of the specific facts alleged in the complaint would, without more, support a judgment under that section. Reading the complaint as a whole, plaintiffs' claim appears to be that Wilmington Trust has indirect means of discipline or influence with respect to the affairs of Christiana. They have alleged a number of specific facts which would tend to support that claim. It does not appear that plaintiffs would be entitled to no relief under any state of facts which might be proved in support of that claim.[3] Dismissal of Count I under Rule 12(b)(6) is, accordingly, inappropriate. Jezarian v. Csapo, *supra*.

The situation with respect to Count II is somewhat different. As previously noted, plaintiffs here assert that Wilmington Trust has an affirmative fiduciary duty to protect the interest of DuPont stockholders. The pertinent question is whether plaintiffs have alleged any fact which would give rise to such a duty under Delaware law. Section 20(a) of the Securities Exchange Act is not relevant.

■ Under Delaware law a stockholder who in fact controls the management of a Delaware corporation owes a fiduciary duty to that corporation and its shareholders. Presumably, a non-stockholder who usurps the function of the Board of Directors of a Delaware corporation or otherwise directs its ac-

---

2. While this definition pertains to registration and qualification it is helpful by analogy in this context. See 2 Loss, Securities Regulation, p. 772.

3. The relevant standard under this theory with respect to Wilmington Trust is Rule 8(a), not Rule 9(b).

tivities assumes the same fiduciary duty as its directors have. Thus, for example, one who exercises control over a corporation which in turn exercises control over a Delaware corporation may have a fiduciary duty to the latter corporation. I assume also that if a trust has a fiduciary duty to a Delaware corporation, the trustee may have a similar fiduciary duty when acting as trustee, and may be liable to the corporation for breaches of that duty even if beneficial to his cestui que trust. Finally, we may assume for present purposes that a fiduciary duty may arise from the exercise of a *stockholder* power by a majority stockholder in his capacity as such, absent any intrusion in the affairs of the board of directors. This would not mean, however, that the stockholders of a corporation which proposes to merge with a Delaware corporation have a fiduciary duty to the Delaware corporation in the exercise of their vote upon the merger, absent intrusion into the affairs of that corporation.

Under the Delaware cases which speak of fiduciary duty to a corporation or its stockholders in contexts like those described above, that duty arises from the *exercise* of power with respect to that corporation. It is only when a person affirmatively undertakes to dictate the destiny of the corporation that he assumes such a fiduciary duty. See *e. g.*, Allied Chemical & Dye Corporation v. Steel & Tube Co., 14 Del.Ch. 1, 120 A. 486 (1923). Here, however, there are no allegations that Wilmington Trust in its individual corporate capacity, or any trust or concert or trusts of which it is trustee, has exercised, or will exercise, any corporate power of DuPont.[4] Nor is there any allegation that control has been exercised over the affairs of Christiana. The allegations that individual trusts of which Wilmington Trust is trustee hold Christiana stock totaling 50% of its outstanding

stock and that there are three common directors do not, without more, state facts which under Delaware law impose upon Wilmington Trust a fiduciary duty to protect the interests of DuPont stockholders. *Cf.* Issner v. Aldrich, 254 F. Supp. 696 (D.Del.1966); Kaplan v. Centrex Corporation, 284 A.2d 119 (Del.Ch. 1971). If plaintiffs' claim is that Wilmington Trust or a concert of trusts of which it is trustee, through exercising control of Christiana, have exercised or are about to exercise some corporate power of DuPont with respect to this transaction in order to profit at the expense of minority stockholders of DuPont, plaintiffs should so allege by a statement of that claim sufficient to meet the standards of Rule 9(b). Count II will be dismissed as to Wilmington Trust unless plaintiffs, prior to February 5, 1974, shall amend their complaint to adequately state such a claim.

Submit order.

---

4. As previously noted, Wilmington Trust is not alleged to have taken any action with respect to the merger. While it presumably will ultimately vote upon that transaction on behalf of some of its trusts, that action will be taken in the capacity of a stockholder of Christiana.