281 F.Supp.2d 1227 (2003)
Michael GRASSMUECK, Plaintiff,
v.
Dwayne BARNETT, et al., Defendants.
No. C03-122P.
United States District Court, W.D. Washington.
July 7, 2003.
*1228 Bruce E.H. Johnson of Davis Wright Tremaine LLP, Seattle, WA and Francis N. Scollan, Mark R. Hartney and Patrick E. Breen of Allen Matkins Leck Gamble & Mallory, Los Angeles, CA, for plaintiff Michael Grassmueck.
David N. Bruce of Savitt & Bruce LLP, Seattle, WA, for defendant Jeff Bensky.
Demery Swaigler, Phillip A. Davis and Zareh Jaltorossian of Sheppard Mullin Richter & Hampton, Los Angeles, CA, and Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant Keith L. Black, M.D.
Barry West of Gaims Weil West & Epstein, LLP, Los Angeles, CA, and Jerry N. Stehlik of Bucknell Stehlik Sato & Stubner, Seattle, WA, for defendant Dain Blanton.
*1229 Barry West of Gaims Weil West & Epstein, LLP, Los Angeles, CA, and Jerry N. Stehlik of Bucknell Stehlik Sato & Stubner, Seattle, WA, for defendant Kareem Abdul-Jabbar.
David R. Major of Keller Rohrback, Seattle, WA, for defendant Livingston Chaffee.
Alexander A. Baehr and James A. Smith, Jr. of Smith & Hennessey, Seattle, WA, for defendant Tom Crawford.
Alan W. Sparer of San Francisco, CA, for defendant Neal Cross.
Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant Wayne L. Dickerson.
Darius Ogloza, Pamela K. Dobie and Steven M. Bauer of Latham & Watkins, San Francisco, CA, and Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant Charles J. Dillman, Ph.D.
Dean G. von Kallenbach of Young, Denormandie & Oscarsson, Seattle, WA, for defendant Susanah Couch.
Evan L. Schwab of Dorsey & Whitney LLP, Seattle, WA, for defendant Shawn Dawkins.
Darius Ogloza, Pamela K. Dobie and Steven M. Bauer of Latham & Watkins, San Francisco, CA, and Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant Michael S. Gilburd.
David M. Jacobi and John D. Wilson, Jr. of Wilson Smith Cochran & Dickerson, Seattle, WA, for defendant Michael Johnson.
Christopher B. Wells and Gwendolyn P. Klein of Lane Powell Spears Lubersky, Seattle, WA, for defendant Scott Kaysen.
Joseph G. Lake, pro se, Sandy, UT, for defendant Joseph G. Lake.
Darius Ogloza, Pamela K. Dobie and Steven M. Bauer of Latham & Watkins, San Francisco, CA, and Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant Lawrence J. Lemak, M.D.
Darius Ogloza, Pamela K. Dobie and Steven M. Bauer of Latham & Watkins, San Francisco, CA, and Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant Jerry R. May, Ph.D.
Jeffrey I. Tilden of Gordon Murray Tilden, Seattle, WA, for defendant Nancy Miggins.
Darius Ogloza, Pamela K. Dobie and Steven M. Bauer of Latham & Watkins, San Francisco, CA, and Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant Steven M. Read.
Stefanii Roberts, pro se, Seattle, WA, for defendant Stefanii Roberts.
Darius Ogloza, Pamela K. Dobie and Steven M. Bauer of Latham & Watkins, San Francisco, CA, and Kenneth J. Diamond and Steven H. Winterbauer of Winterbauer & Diamond P.L.L.C., Seattle, WA, for defendant J. Richard Stadman, M.D.
Eric C. Nelsen of Sayre Law Office, Seattle, WA and R. Clay Hendrix, Las Vegas, NV, for defendant Robert O. Voy, M.D.
Stanley Washington, pro se, Los Angeles, CA, for defendant Stanley Washington.
Stephen B. White, pro se, Boise, ID, for defendant Stanley B. White.

*1230 ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS, RE OUTSIDE DIRECTOR DEFENDANTS, STEVEN M. READ, et al.
PECHMAN, District Judge.
This matter comes before the Court on Defendants' Motions To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Outside Directors Steven M. Read, Jerry R. May, Ph.D., Lawrence J. Lemak, M.D., Michael S. Gilburd, and J. Richard Steadman, M.D. brought one Motion. To support this Motion, Defendants incorporate by reference two Requests for Judicial Notice, which were granted by this Court in a previous order. (Dkt. No. 118). Director Defendants Michael Johnson, Keith L. Black, M.D., and Wayne Dickerson brought separate Motions to Dismiss, which incorporate by reference the Outside Director Defendants' Motion. Having reviewed all of the Defendants' Motions and all answers and responses thereto, the Requests for Judicial Notice and the remaining record, the Court hereby DENIES the Motions.

Background
The Defendants were Directors of the Znetix Inc. ("Znetix") while Zenetix's founder and principal stockholder, Kevin Lawrence, served as director and controlling shareholder of Znetix and Health Maintenance Centers, Inc. ("HMC"). Mr. Lawrence is accused of exerting "unchecked power and control" over Znetix, including various improper actions and false and misleading representations regarding Znetix's business, which diverted millions of dollars from the day-to-day operation of Znetix. Complaint, ¶ 15(f). Allegedly, Mr. Lawrence used these funds for the personal benefit of himself, his family, friends, and accomplices. Id., ¶ 14. As a result of these wrongful acts, the Securities and Exchange Commission forced Znetix into receivership and forced liquidation of all of its assets. The Complaint alleges that the damages to Znetix and its shareholders are known to exceed $10 million. Id., ¶ 22. Plaintiff and Receiver, Michael Grassmuek, claims on behalf of creditors and investors of HMC, Znetix and/or Cascade that the Directors and Officers should be held personally liable for damages to the creditors and investors because they were negligent and exercised bad faith by failing to act to prevent or control Lawrence's wrongful acts. Id., ¶ 20-22.
It is undisputed that the Directors and Officers had fiduciary duties of care to Znetix and its shareholders to (a) discharge their duties with the care an ordinary prudent person in a like position would exercise under similar circumstances; (b) discharge their duties with a critical eye to assessing information, performing actions carefully, thoroughly, thoughtfully, and in an informed manner; (c) seek all relevant material information before making decisions on behalf of the corporation; and (d) avoid and prevent corporate waste and unnecessary expense. See, e.g., Wash. Rev.Code. § 23B.08.300-400; 8 Del. C. § 141-142; Harriman v. E. I. Dupont De Nemours & Co., 372 F.Supp. 101 (D.Del.1974); Cede & Co. v. Technicolor, Inc., 634 A.2d 345 (Del.Supr.1993). They also had affirmative duties to protect Znetix and its shareholders' interests and to be aware of the corporation's affairs. Id. In addition, they owed fiduciary duties of loyalty to Znetix and its shareholders, which required that each discharge his or her duties in good faith. Wash. Rev.Code. § 23B.08.300-400; Cede & Co., 634 A.2d at 361; See Interlake Porsche & Audi, Inc. v. Bucholz, 45 Wash.App. 502, 509, 728 P.2d 597 (1986). Finally, they owed undivided loyalty to Znetix and its shareholders to ensure that neither they, nor any other officer or director, obtained any profit or advantage at the expense of Znetix. Id.
*1231 The Complaint asserts that the Directors and Officers did not uphold these obligations and alleges "negligent and bad faith performance of their duties," and "breach of fiduciary duty." Complaint, ¶ 16-25. In particular, the complaint states that the Directors had knowledge of, or recklessly failed to learn of Lawrence's wrongful acts when they recklessly and negligently continued to work for Znetix and/or allowed their names, services, and work product to be used in furtherance of the Lawrence's wrongful acts, without disclosing those acts or taking steps to prevent them. Id. ¶ 20. Furthermore, the Directors and Officers acted in bad faith when they accepted compensation from Znetix for a job they did not intend to properly perform, acting in their own self-interest at the expense of the corporation. Id., ¶ 21. In addition, these same actions constituted a breach of fiduciary duty. Id., ¶ 23-25.
"Breach of fiduciary duty" is a state law claim. See Bomarko v. International Telecharge, Inc., 794 A.2d 1161, 1184 (Del.Ch. 1999); cf. CTS Corp. v. Dynamics Corp., 481 U.S. 69, 90, 107 S.Ct. 1637, 95 L.Ed.2d 67 (1987) (corporations, in general, are governed by state corporations law). Therefore, because the Complaint alleges a period of duty that precedes and extends beyond September 25, 2001 (the date when Znetix, the Washington Corporation, merged into Znetix, the Delaware Corporation), this Court must decide whether the Plaintiff states a claim under Washington law, Delaware law, or both.
In their Motions, Defendants allege that Plaintiff does not state a claim sufficient to hold the various Director Defendants personally liable for damages. In particular, they claim that Znetix Directors' personal liability for breaches of fiduciary duty is limited by the director protection provision of the Certificates or Articles of Incorporation ("the Articles") as adopted by Znetix pursuant to the director protection statutes in Washington and Delaware. Furthermore, Defendants maintain that although there are exceptions to the limited liability for Directors under director protection provisions, Plaintiff has failed to plead the requisite facts and allegations to state a claim pursuant to the exceptions.

Analysis

1. The Standard
In general, the pleading standard under the Federal Rules of Civil Procedure is liberal. See Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, Rule 8(a) requires a "short and plain statement of the claim showing that the plaintiff is entitled to relief," Fed. R.Civ.P. 8(a)(2); Swierkiewicz v. Sorema, 534 U.S. 506, 513, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). Such a statement is only required to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47, 78 S.Ct. 99. Thus, except when specific pleading is required (e.g. in complaints alleging fraud or mistake), detailed evidentiary facts need not be laid out in the complaint. In fact, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).
Similarly, on a Rule 12(b)(6) motion to dismiss, this Court does not decide whether a plaintiff's success on the merits is likely, but whether the claimant "is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978); See Swierkiewicz v. Sorema, 534 U.S. at 515, 122 S.Ct. 992. Consequently, this Court construes Rule 12(b)(6) motions in a light most favorable to the pleader to "determine whether... under existing law *1232 that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims." De La Cruz, 582 F.2d at 48; see also Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

2. Bad Faith Performance and Breach of Fiduciary Duty
In general, fiduciary duty comprises three sub-duties: the duty of loyalty, the duty of care, and the duty to act in good faith. Cede & Co., 634 A.2d at 361; cf. Kane v. Klos, 50 Wash.2d 778, 784-786, 789, 314 P.2d 672 (1957). This Court must determine whether under Washington and or Delaware law the Complaint states a cause of action for breach of any or all of these duties.
In Washington and Delaware, directors are protected against general claims for breach of the duty of care when pursuant to state law a corporation adopts a director protection provision into its articles of incorporation. See, e.g., Zirn v. VLI Corp., 681 A.2d 1050, 1061-1062 (Del. Supr.1996); Kane, 50 Wash.2d at 789, 314 P.2d 672. However, if directors breach the duty of care intentionally, knowingly, or in bad faith, the director protection statutes will not shield them from personal liability. See O'Reilly v. Transworld Healthcare, Inc., 745 A.2d 902 (Del.Ch. 1999). Furthermore, when directors breach the duty of loyalty or act in bad faith they are not shielded by the director protection statutes. See Bomarko v. International Telecharge, Inc., 794 A.2d 1161, 1178 (Del.Ch.1999); O'Reilly, 745 A.2d at 915-916. Therefore, to successfully plead breach of fiduciary duty against the Directors in this case, Plaintiff must sufficiently plead breach of the duty of loyalty, bad faith performance of duties, or intentional or knowing breach of the duty of care. See Id.; Cede & Co., 634 A.2d at 361.
Defendants concede the Plaintiff states a negligence claim for a beach of fiduciary duty of care when he claims that "a reasonably prudent director would have discovered and stopped Lawrence's actions." Outside Director Defendants' Motion at 9. However, Defendants repeatedly state that the Plaintiff pleads insufficient facts to elevate his duty of care claims outside of the protection of the Articles, and that he fails to plead sufficient facts to show breach of the duty of loyalty or bad faith performance of duties, claims that would not be barred by the Articles.

3. The Effect of the Articles under Washington and Delaware Law
Although the Znetix Articles are "matters outside the pleadings," this Court has already taken proper judicial notice of them pursuant to Federal Rule of Evidence 201(b). See MGIC Indem.Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986). As certified public records kept by the Secretaries of State in Washington and Delaware, the Articles fall directly into the category of items that the Ninth Circuit generally considers proper for judicial notice. Id. Indeed, this Court may consider the Articles as part of a 12(b)(6) motion without converting the motion into summary judgment. Id.
Although breach of the duty of care claims have been dismissed on 12(b)(6) motions because of articles of incorporation resembling the ones in this case (See O'Reilly, 745 A.2d 902), director protection provisions are not absolute bars to liability. This Court finds that Plaintiff has avoided bar of his claims by the Articles under both Washington and Delaware by sufficiently pleading the requisite facts for a claim of beach of fiduciary duty and knowing and bad faith performance of the duty of care.

*1233 A. Washington
In Washington, plaintiffs may bring a general claim of breach of fiduciary duty against directors as long they show that the directors' acts or omissions involved (1) "intentional misconduct," (2) "a knowing violation of law," (3) "conduct violating RCW 23B.08.310" (which includes discharging duties in good faith under RCW 23B.08.300) or (4) "any transaction from which the director will personally receive a benefit in money, property, or services to which the director is not legally entitled." Wash. Rev.Code § 23B.08.320. While the Defendants maintain that Plaintiff has not sufficiently pled that the Directors acted intentionally or knowingly, paragraphs 20 and 21 of the Complaint use those very words with respect to the Defendants' actions or inactions. In addition, the Plaintiff states that the Defendants acted in bad faith in that they knew or should have known of Lawrence's acts. Furthermore, the Plaintiff asserts that the Directors acted in their own self-interest at the expense of the company and its shareholders. In light of the federal rules, these allegations are sufficient to take the Plaintiff's claims out of the realm of the director protection statutes (and the director protection provision of the Articles) as adopted under Washington law.

B. Delaware
Similarly, in Delaware, a Plaintiff may bring a general claim of breach of fiduciary duty against a Director as long as he or she claims that Director's acts or omissions involved (i) a breach of the director's duty of loyalty to the corporation or its stockholders; (ii) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law; (iii) under § 174 of the Delaware Code (which includes wilful or negligent violation of § 160 or 173 regarding voting and trading); or (iv) any transaction from which the director derived an improper personal benefit. 8 Del.C. § 102(a)(7). Defendants claim that under Delaware law, a plaintiff cannot make allegations of "bad faith" without putting forth more facts. However, while in this case, state law determines whether the Plaintiff's claims exist and what defenses are recognized, the federal rules govern the manner in which those claims and defenses are raised. See Taylor v. U.S., 821 F.2d 1428, 1433 (9th Cir.1987); FSLIC v. Texas Real Estate Counselors, Inc., 955 F.2d 261, 269-270 (5th Cir.1992). Therefore, while Delaware law may dictate the substance of the claim and which defenses exist, the federal rules govern how those claims are plead. See id. As discussed above, the Plaintiff has listed several factors to show that the Defendants acted in bad faith, in that they knew or should have known about Kevin Lawrence's wrongful acts. Plaintiff's allegations are sufficient to put the Defendants on notice of the claims against them. In fact, there are plenty of allegations to which Defendants can respond, and they may consider those allegations as they begin discovery and prepare for trial. In light of the foregoing, the Plaintiff has stated a claim against the directors for breach of fiduciary duty pursuant to Delaware law, and has certainly plead with sufficient particularity under FRCP 8(a).

Conclusion
Plaintiff has sufficiently stated claims for negligent or bad faith performance of duties and breach of fiduciary duty under Washington law and under Delaware law. Thus, this Court DENIES Defendants' Motions to Dismiss.
The clerk is hereby directed to send a copy of this order to all counsel of record.